UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert A. Kunshier,<br><br>Plaintiff,<br><br>v.<br><br>Nicole Boder, Health Services Administrator, Moose Lake site of the Minnesota Sex Offender Program and Kari Ovsak, Nurse Practitioner, Health Services Department, at Moose Lake site of the Minnesota Sex Offender Program,<br><br>Defendants. | Case No. 18-cv-3316 (ECT/TNL)<br><br>**REPORT AND RECOMMENDATION** |

Robert A. Kunshier, 1111 Highway 73, Moose Lake, MN 55767 (pro se Plaintiff); and

James H. Clark III, Assistant Attorney General, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101 (for Defendants).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's Motion Requesting Preliminary Injunction (ECF No. 6) and Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 13). These motions have been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that Plaintiff's motion be **DENIED** and Defendants' motion be **GRANTED**.

I. **PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Robert A. Kunshier is civilly committed to the Minnesota Sex Offender Program ("MSOP"). On December 3, 2018, he filed a lawsuit against Defendants Nicole Boder and Kari Ovsak, alleging that their medical treatment of him violated his constitutional rights. (ECF No. 1). The same day, he also filed a Motion Requesting Preliminary Injunction, seeking a court order requiring Defendants to start him on pain medication and to provide him the use of certain medical equipment. (ECF No. 6).

Kunshier alleges that he has complained of foot pain to Defendants for the previous year. (ECF No. 1, p. 11). Because of his pain, he requested that Defendants provide him a wheelchair and walker. (ECF No. 1, p. 11). He alleges that Defendants denied these requests, telling him that his insurance did not cover this equipment, thus requiring him to pay for it out of his own pocket. (ECF No. 1, p. 11). Because Kunshier's monthly income is approximately $97.00, he is unable to afford either a walker or wheelchair. (ECF No. 1, p. 11).

Kunshier met with a physician regarding his foot pain, who told him to wear a "medical device" to protect his toe. (ECF No. 1, p. 13). Defendants have not provided this device to Kunshier, nor given him any pain medication beyond a three-day supply of ibuprofen. (ECF No. 1, p. 13). Kunshier further contends that Ovsak has not discussed any pain management strategies with him. Because of his foot pain, Kunshier is unable to stand without being in significant pain. (ECF No. 1, p. 11). He is also unable to exercise. (ECF No. 1, p. 14).

Kunshier alleges that Defendants have demonstrated a deliberate indifference to his medical needs. He seeks compensatory and punitive damages. (ECF No. 1, p. 20-23). Defendants have moved to dismiss his lawsuit under Federal Rules of Civil Procedure 12(b)(1) and (12)(b)(6). (ECF No. 13).

## II. MOTION TO DISMISS

### A. Legal Standard

When considering a Rule 12(b)(1) motion, courts "distinguish between a 'facial attack' and a 'factual attack' on jurisdiction." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (quotation omitted). "In a facial attack, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (citation and internal quotations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.*

In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In doing so, the court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (citation and internal quotations omitted). Facial plausibility of a claim exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Complaints are insufficient if they contain "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In assessing a complaint by a *pro se* plaintiff, the court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*) (quotation and citation omitted). "[I]f the essence of an allegation is discernible," then the court, in applying a liberal construction to *pro se* complaints, "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Despite the liberal construal of such complaints, the *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914). Thus, *pro se* litigants "must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Id.* (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

In this case, Kunshier seeks relief under 42 U.S.C. § 1983. That section provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United

States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. The "purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). In this case, Kunshier alleges that Defendants' deliberate indifference to his medical needs violated his rights under the Eighth and Fourteenth Amendments.

### B.  Eleventh Amendment Bars Kunshier's Claims

The Eleventh Amendment to the U.S. Constitution prohibits "[t]he Judicial power of the United States" from being construed to extend "to any suit in law or equity, commenced or prosecuted against one of the United States." U.S. Const. amend. XI. The Eleventh Amendment recognizes that "each State is a sovereign entity in our federal system" and that no State is subject to suit in federal court unless the State consents to jurisdiction there. *Seminole Tribe of Fl. v. Florida*, 517 U.S. 44, 54 (1996) (citation and quotation omitted). Eleventh Amendment immunity also extends to instances where judgment against a state agency or official would have "essentially the same practical consequences as a judgment against the State itself." *Hadley v. North Arkansas Community Technical College,* 76 F.3d 1437, 1438 (8th Cir. 1996) (quotation omitted).

The Eleventh Amendment bars many lawsuits filed in federal court that are related to the conduct of state agencies and state officials. In general, a plaintiff may not bring a claim in federal court for any form of relief against a state agency. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *see*, *e.g., P.R. Aqueduct and Sewer Auth. v. Metcalf &*

5

*Eddy, Inc.*, 506 U.S. 139, 144-46 (1993) (barring suits for injunctive relief against states and their agencies). A plaintiff may also not bring an action against a state official in his or her official capacity for monetary damages. *P.R. Aqueduct*, 506 U.S. at 145-46.

Eleventh Amendment immunity, however, is not absolute. The United States Supreme Court has "long recognized an exception to Eleventh Amendment immunity permitting suits in federal court against state officials alleged to have violated federal law[.]" *Minn. Pharmacists Ass'n v. Pawlenty*, 690 F. Supp. 2d 809, 815 (D. Minn. 2010). As a result, a plaintiff may bring a claim for injunctive relief against a state official in his or her official capacity. *Serna v. Goodno*, 567 F.3d 944, 952 (8th Cir. 2009). A plaintiff may also bring a claim for monetary damages against a state official in his or her individual capacity. *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

In addition, a "plaintiff must expressly and unambiguously state" in the pleadings that he or she is suing a defendant in his or her individual capacity because "section 1983 liability exposes public servants to civil liability and damages." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Absent such a statement, the suit is construed to be against only the defendant in his or her official capacity. *Id*. "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Id*.

In this case, Kunshier does not allege anywhere in his complaint that he is filing suit against Defendants in their individual capacity. Nor does he claim in the caption of his complaint to sue Defendants in their individual capacity. The Court must therefore construe Kunshier's claims to be against Defendants in their official capacity and thus must

6

conclude that his suit is "merely" against their employer, the State of Minnesota. *See Johnson*, 172 F.3d at 535.

In the "Relief Sought" portion of his complaint, Kunshier indicates that he seeks two types of damages: compensatory and punitive. He does not state anywhere in this section (or elsewhere in his complaint) that he seeks injunctive relief. Because he seeks only monetary damages against state officials in their official capacity, his claims are barred by the Eleventh Amendment. The Court recommends that these claims be dismissed with prejudice.

### C. Kunshier May File an Amended Complaint

In his response to the motion to dismiss, Kunshier claims that it was his intent to seek injunctive relief. He therefore requests that the Court construe his complaint as seeking monetary relief against Defendants in their individual capacities and injunctive relief in their official capacities. He notes, in making this request, that he has "exhausted [his] limited legal knowledge getting this far." (ECF No. 27).

The Court declines to construe Kunshier's complaint in the manner that he suggests. This Court cannot supply additional facts. Nor can it construct a legal theory for relief that is not alleged in the complaint when deciding a motion to dismiss against a *pro se* plaintiff. *Stone*, 364 F.3d at 915. The Court must also strictly enforce the requirement that a complaint include a clear statement that the plaintiff is suing a state official in his or her official capacity. *Murphy v. State of Ark.*, 127 F.3d 750, 755 (8th Cir. 1997). The Court therefore cannot rewrite Kunshier's complaint to include the remedies that he seeks, nor revise the complaint to ensure he is suing state officials in their proper capacity.

The Court's recommendation in this matter is informed by the fact that Kunshier has demonstrated that he has the ability to articulate his position to the Court and a basic understanding of legal procedure. Kunshier's complaint is more than 20 pages along and includes a detailed discussion of federal statutes, constitutional provisions, and the Federal Rules of Civil Procedure. Kunshier's motion for a preliminary injunction contained similar detail and discussion and established that Kunshier was quite aware of his ability to seek injunctive relief from the Court. In addition, a search of the Court's electronic filing systems establishes that Kunshier has filed at least two other complaints in this district. *See Pyron, et al. v. Ludeman, et al.*, 10-cv-3759; *Kunshier v. Dayton, et al.*, 16-cv-792. In the caption of the *Pyron* complaint, Kunshier expressly stated that he was suing various state officials in their individual and official capacities. *Pyron, et al. v. Ludeman, et.*, 10-cv-3759 (ECF No. 1). And in that same complaint, Kunshier expressly requested "all appropriate preliminary and permanent injunctions" as well as declaratory relief. *See id*. The Court therefore does not find persuasive Kunshier's claim that he is unable to articulate his claims properly in a well-pleaded complaint.

Given Kunshier's status as a pro se litigant, however, the Court finds it appropriate to recommend that he receive one opportunity to file an amended complaint. *See Rush v. Arkansas DWS*, 876 F.3d 1123, 1125-26 (8th Cir. 2017) (noting that pro se plaintiffs are regularly granted leave to amend their pleadings). Kunshier should be on notice, however, that any amended complaint must contain clear statements identifying who he is suing, in what capacity he is suing those individuals, and what form of relief he seeks. The Court recommends that Kunshier be given 30 days from the date that the District Judge rules on

this Report and Recommendation to file a new complaint. The Court also recommends that the matter be dismissed for failure to prosecute if Kunshier fails to file an amended complaint within that timeframe. *See* Fed. R. Civ. P. 41(b).

### III. MOTION TO DISMISS

Kunshier has also moved for a preliminary injunction. (ECF No. 6). Because the Court recommends that the complaint be dismissed in this matter, the Court also recommends that the motion for preliminary injunction be denied as moot. *See Cambilargiu v. Bank of America, N.A.*, No. 13-cv-190, 2013 WL 12155363 *2 (D. Minn. Apr. 16, 2013) (denying motion for preliminary injunction as moot following grant of motion to dismiss); *Ivey v. Mooney*, No. 05-cv-1215, 2006 WL 618110 *1 (D. Minn. Mar. 9, 2006) (reaching same conclusion). Should Kunshier determine it appropriate, he may refile this motion with his amended complaint.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 13) be **GRANTED** as follows:

    a. Kunshier's claims for monetary relief against Defendants in their official capacity be **DISMISSED WITH PREJUDICE;**

    b. Kunshier be given 30 days from the date of the District Judge's ruling on this Report & Recommendation to file an amended complaint.

    c. Kunshier be given 45 days from the date of the District Judge's ruling on this Report & Recommendation to serve an amended complaint on Defendants.

2. Kunshier's Motion Requesting Preliminary Injunction (ECF No. 6) **be DENIED AS MOOT**.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May 10, 2019

        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Kunshier v. Boder, et al.*
Case No. 18-cv-3316 (ECT/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).